Mark A. Randlett, Peters & Randlett, Lewiston, and N. Paul Gauvreau, Lewiston, for Appellants.

Andrew Ketterer, Attorney General, Peter J. Malia, Christina M. Hall, Assistant Attorneys General, Augusta, and Michelle A. Small, G.A.L., Auburn, for Appellees.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

## In re PAULA F.

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 11, 1995.

Decided Jan. 12, 1996.

DANA, Justice.

The parents of Paula F. appeal from a judgment of the District Court (Lewiston, *Beliveau, J.*) terminating their parental rights pursuant to 22 M.R.S.A. §§ 4050–4058 (1992 & Supp.1994). Contrary to their contention, clear and convincing evidence supports the court's detailed and careful opinion that the parents are unable and unwilling to take responsibility for their child within a time which is reasonably calculated to meet her needs, that they are unable to protect her from jeopardy, that these circumstances are unlikely to change within a time which is reasonably calculated to meet her needs, and that termination is in her best interest. We affirm the judgment.

Paula was removed from her home after allegations of physical and sexual abuse. The mother subsequently entered a plea of guilty to a charge of assault. Notwithstanding the mother's plea and the physical evidence supporting Paula's charge of sexual abuse by a friend of the mother's, both parents continue to deny the mother's assault or their daughter's allegations of abuse. Additionally, over the two-year period Paula had been in a foster home, the parents missed 27 of 59 scheduled visits and repeatedly failed to telephone their daughter at the prearranged time. Additionally, they missed many individual and joint therapy sessions and parenting classes. Their only real improvement in this regard seems to have occurred after this proceeding was commenced.

Paula was described as the most difficult child that her foster mother had ever worked with. Paula was her thirty-seventh foster child. After two years in her foster home Paula is beginning to recover from the psychological damage suffered during her first six years of life, is bonding to her foster siblings, and is doing well in school.

As the trial court found:

> The evidence is clear, and this Court concludes that the [parents'] method of discipline and caring for Paula when she was with them was horrendous. They neglected her, had no concept of her needs, locked her in her room, and did not listen to her when she complained of the physical and sexual abuse that she had been subjected to. This Court maintains and concludes that Paula can no longer wait for her parents to reunify with her nor can she wait for them to rehabilitate themselves.

The entry is:

Judgment affirmed.

All concurring.